# In the United States Court of Federal Claims

No. 16-358
(Filed: 22 March 2021)
NOT FOR PUBLICATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DR. LAKSHMI ARUNACHALAM, | * |
| | * |
| Plaintiff, | *  *Pro se*; Patent Infringement; |
| | *  RCFC 52(b); RCFC 59(e); |
| v. | *  RCFC 60(a); RCFC 60(b)(2); |
| | *  RCFC 60(b)(3); RCFC 60(b)(4); |
| THE UNITED STATES, | *  RCFC 60(b)(5); RCFC 60(b)(6); |
| | *  RCFC 60(d)(3). |
| Defendant, | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Dr. Lakshmi Arunachalam*, Menlo Park, CA, *pro se*.

*Scott David Bolden,* Deputy Director, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Jefferey Bossert Clark*, Acting Assistant Attorney General, *Gary L. Hausken*, Director, *Sarah Craven* and *Kakoli Caprihan*, United States Patent and Trademark Office, Of Counsel, and *Andrew P. Zager*, Department of the Navy, Of Counsel, all of Washington, DC, for defendant.

## OPINION AND ORDER

**HOLTE, Judge**

The character of this litigation has been often colorful and occasionally bizarre. As the Federal Circuit has recently noted, *pro se* plaintiff Dr. Lakshmi Arunachalam engages in "vexatious and wanton litigation conduct." *Arunachalam v. Int'l Bus. Machines Corp.*, No. 2020-1493, 2021 WL 772260, at \*5 (Fed. Cir. Mar. 1, 2021). Dr. Arunachalam accuses the government of infringing U.S. patent no. 7,340,506 ("'506 Patent"), entitled "Value-added Network Switching and Object Routing," in addition to numerous miscellaneous claims for relief. *See generally* Op. and Order, ECF No. 87 ("Order to Dismiss"). On 9 September 2020, the Court granted the government's motion to dismiss the case on the papers pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *Id*. at 15–16. Dr. Arunachalam then filed several post-judgment motions for relief under RCFC 52(b), 59(e), 60(a), 60(b)(2–6) and 60(d)(3). *See generally* ECF No. 90 ("RCFC 52(b) Mot."); ECF No. 91 ("RCFC 59(e) Mot."); ECF No. 92 ("RCFC 60(a) Mot."); ECF No. 93 ("RCFC 60(b) Mots."); ECF No. 94 ("RCFC 60(d)(3) Mot."). For the following reasons, Dr. Arunachalam's various post-judgment motions are **DENIED**, and the Court cautions Dr. Arunachalam to avoid "scandalous and irrelevant statements [that] impede meaningful review of her arguments." *Arunachalam v. Int'l Bus. Machines Corp.*, 2021 WL 772260, at \*7.

## I. Background

### A. Factual and Procedural History

Dr. Lakshmi Arunachalam, the sole inventor of the '506 patent, filed the application issued as the '506 patent on 23 February 2001.  *See* '506 Patent.  Prior to any proceedings in this Court, the '506 patent underwent significant post-grant proceedings before both the United States Patent and Trademark Office and the Patent and Trademark Appeals Board ("PTAB").  Following an *inter partes* review and subsequent appeal to the PTAB, the '506 patent was reissued with two remaining claims:  claims 20 and 21.  *See* Inter Partes Reexamination Certificate of U.S. Patent No. 7,340,506 (issued Oct. 15, 2014).

Dr. Arunachalam filed her complaint in this Court on 21 March 2016.  *See* Compl., ECF No. 1.  On 12 July 2016, Dr. Arunachalam was granted leave to file an amended complaint, and the amended complaint was docketed that same day.  *See* Order, ECF No. 7; ECF No. 8 ("Am. Compl.").  Dr. Arunachalam's amended complaint added a series of miscellaneous claims, only some of which relate to the '506 patent, in addition to reiterating the original claims of patent infringement presented in the 21 March complaint.  *See* Am. Compl. at 10–13 (alleging, among other things, "the unlicensed and unlawful use by the United States" of Dr. Arunachalam's patent, "civil rights violations under 42 U.S.C. §§ 1983 and 1988," "medical injury," "violation of [p]laintiff's substantive liberty rights," "invidious discrimination," "violation of the 8th Amendment" of the United States Constitution, "civil racketeering," and "obstruction of justice").  On 30 January 2017, this Court stayed further proceedings in this case pending the PTAB's final written decision on SAP America, Inc.'s requested Covered Business Method ("CBM") Review of the two remaining claims of the '506 Patent.[1]  *See* Order, ECF No. 22.  On 21 December 2017, the PTAB issued a final written decision finding the remaining claims of the '506 patent, claims 20 and 21, "unpatentable."  *SAP Am., Inc. v. Lakshmi Arunachalam*, No. CBM2016-00081, 2017 WL 6551158 (P.T.A.B. Dec. 21, 2017).

Following the PTAB's final written decision, Dr. Arunachalam attempted to collaterally attack the legitimacy of the PTAB's decision in the CBM review in a lawsuit before the United States District Court, District of Delaware.  *See Arunachalam v. Int'l Bus. Mach. Corp.*, 759 F.

---

[1] Dr. Arunachalam filed numerous documents and motions with the Court during the pendency of the stay, including:  responses to the Court's Order staying the case, ECF No. 23 ("Pl.'s Resp. to the Court Order Dated 1/30/2017, and Mot. to lift the Stay and Putting the Court on Notice of Honest Services Fraud by Def. in Association in Fact with Does and Roes 1-100") and ECF No. 25 ("Pl.'s Resp. to the Court Order Dated Dec. 2, 2016, Opposing the United States' RCFC 40.2 Notice of Directly Related Cases Filed Nov. 30, 2016 Containing *Ultra Vires* False Statements; and, Pl.'s Objections to the Court Staying the Case Until a Final PTAB Decision"); multiple motions to lift the stay, ECF No. 30 ("Pl.'s Mot. to Lift the Stay") and ECF No. 35 ("Pl.'s Mot. to Lift the Stay"); two letters to the Chief Judge of this Court, ECF No. 32 ("Pl.'s Letter to Chief Judge Susan G. Braden to Compel Judge Firestone to Enforce U.S. Supreme Court's 1810 Ruling by Chief Justice Marshall on 'First Impression' Constitutional *Res Judicata* on 'Grants,' to Stop Frustrating the Proceedings and to Lift the Stay") and ECF No. 41 ("Pl.'s Letter to Chief Judge Susan G. Braden to Compel Judges Smith and Wheeler to Enforce U.S. Supreme Court's 1810 Ruling by Chief Justice Marshall on 'First Impression' Constitutional *Res Judicata* on 'Grants,' to Stop Frustrating the Proceedings and to Lift the Stay and Not Deny Access to Justice"); and a motion for summary judgment, ECF No. 36.  To the extent any of these filings were in accordance with the RCFC, this Court stayed further consideration of Dr. Arunachalam's motion for summary judgment on 16 June 2017.  *See* Order, ECF No. 40.

App'x 927, 932 (Fed. Cir. 2019) ("Both asserted claims of the '506 Patent were cancelled in the [PTAB's] Final Written Decision in a parallel CBM proceeding during the pendency of the case below. On appeal, Dr. Arunachalam appears to argue that this decision is void because the [PTAB] lacks authority to invalidate her patent."). The Federal Circuit found "[g]iven that Dr. Arunachalam did not [appeal the PTAB's decision], the [PTAB's] decision invalidating [claims 20 and 21] is final and may not be collaterally attacked through a separate litigation." *Id.* at 933.

This Court issued an Order on 23 January 2020 addressing the various pending motions as follows: granting the government's motion for leave to file a renewed motion to dismiss; lifting the stay only as to the government's renewed motion to dismiss; staying all other pending motions, with the Court deferring consideration of all such motions pending resolution of the government's renewed motion to dismiss; and allowing Dr. Arunachalam additional time to seek representation of counsel prior to scheduling oral argument on the government's motion to dismiss. *See* Order, ECF No. 64.

Despite the Court's 23 January Order lifting the stay only as to the government's motion to dismiss, Dr. Arunachalam filed numerous additional miscellaneous documents.[2] To the extent any of Dr. Arunachalam's filings were not in compliance with the RCFC, the Court struck such filings from the record. *See* Order, ECF No. 68. To the extent the Court was able to construe any of Dr. Arunachalam's miscellaneous filings as motions or responsive filings to other pending items on the docket, the Court permitted such filings. *See* Order, ECF No. 77 (directing the Clerk to "enter Exhibit 1 to plaintiff's motion for leave as a reply to the government's opposition to plaintiff's 'adversely dominated motion'"). To the extent Dr. Arunachalam sought to file additional motions, the Court's 23 January Order lifted the stay only as to the government's motion to dismiss; all other pending items remained stayed. *See* Order, ECF No. 64. After rescheduling oral argument on the government's motion to dismiss multiple times, the Court granted Dr. Arunachalam's 21 May 2020 motion to reschedule in part, canceling the oral argument scheduled for 22 May, but declined to reschedule the hearing for a third time. Order, ECF No. 83.

---

[2] Dr. Arunachalam's miscellaneous filings following the 23 January Order include: a response and two notices to the Court's 23 January Order, ECF No. 65 ("Pl.'s Resp. to Court's Unconstitutional 1/23/20 Order that has not Addressed the Constitutional Challenge Raised and the Solemn Oath of Office to Apply Governing Supreme Court Precedents that a Grant is a Contract, and Motions"), ECF No. 66 ("Pl. Dr. Lakshmi Arunachalam's 28 U.S.C. §2403 Notice to Clerk of Constitutional Challenge to Federal Statutes"), and ECF No. 67 ("Pl. Dr. Lakshmi Arunachalam's Second 28 U.S.C. §2403 Notice to Clerk of Constitutional Challenge to Federal Statutes"); a subsequent notice, ECF No. 70 ("Notice of and Verified Claim of Trespass and Injury: In Dishonor, Breach of Fiduciary Duty/Public Trust/Solemn Oath of Office, Denial of Due Process, Moving into Jurisdiction Unknown"); a letter to the Chief Judge, ECF No. 73 ("Letter to Chief Judge Margaret Sweeney to Compel Hon. Holte to (1) Abide by his Solemn Oath of Office and Enforce Governing Supreme Court Precedent Law of the Case and the Supreme Law of the Land, (2) Reinstate Back to the Docket Dr. Lakshmi Arunachalam, a Woman's Filings D.I.'s 65, 66, 67 Stricken by the Court, (3) to Docket Two Paper Filings Dated 2/6/20 and 2/18/20 Returned by the Court of Notice of and Verified Claims of Trespass and Injury; and (4) to Stop Denying Dr. Lakshmi Arunachalam, a Woman, Access to Justice"); a motion for leave to file an amended response to the government's motion to dismiss, ECF No. 76; a reply to the government's response to Dr. Arunachalam's motion seeking miscellaneous relief, ECF No. 78; and a motion to correct a title on the Court's electronic docket, ECF No. 79 ("Mot. to Correct Title in ECF No. 78 to 'Amended Response to the Government's Renewed Mot. to Dismiss', as it Misstates my Mot. ECF No. 76; and Notice that this Court's 4/14/20 Order, that is Procedurally out of Order, is Further Evidence that Judge Holte Must Recuse for Appearance of Impropriety, for Tampering with Public Record, a Federal Offense, for Making False Official Statements and Refusing to Consider All the Laws and Facts that are Material to this Case").

On 9 September 2020, this Court granted the government's motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6). *See* Order to Dismiss at 16. As noted in the Order, "[w]hat the Court would otherwise view as shocking behavior from plaintiff seems to be nothing more than plaintiff's standard behavior in court proceedings." Order to Dismiss at 6.[3]

Prior to this Court's September 2020 Order, the Delaware District Court sanctioned Dr. Arunachalam and awarded attorney's fees to defendants in *Arunachalam v. International Business Machines Corp.* No. 2020-1493, 2021 WL 772260 (Fed. Cir. Mar. 1, 2021), *aff'g* No. 16-281, 2019 WL 5896544 (D. Del. Nov. 12, 2019). Affirming the District Court's sanctions award earlier this month, the Federal Circuit noted "Dr. Arunachalam forced Appellees and the District Court to expend resources responding to her repetitive, frivolous, and often bizarre oppositions and motions," and characterized Dr. Arunachalam's briefing as "replete with scandalous and baseless allegations." 2021 WL 772260, at *6. The Federal Circuit further observed all of these allegations were "presented without a semblance of factual support" and faulted her for "mak[ing] multiple demonstrably false statements of fact." *Id.* at *6, *7.

### B. Dr. Arunachalam's Various Post-Judgment Motions

On 16 September 2020, after this Court's order granting the government's motion to dismiss, Dr. Arunachalam filed three separate motions for relief: (1) a motion for the Court to amend its filings pursuant to RCFC 52(b); (2) a motion for the Court to amend its judgment pursuant to RCFC 59(e); and (3) a motion for relief pursuant to RCFC 60(a). *See* RCFC 52(b) Mot.; RCFC 59(e) Mot.; RCFC 60(a) Mot.

On 17 September 2020, Dr. Arunachalam filed two additional motions: (1) a motion for relief pursuant to several subsections of RCFC 60(b); and (2) a motion for relief pursuant to RCFC 60(d)(3).[4] *See* RCFC 60(b) Mots.; RCFC 60(d)(3) Mot. On 5 October 2020, the government replied in opposition to Dr. Arunachalam's RCFC 52(b), 60(a), 60(b), and 60(d)(3) motions. Def.'s Resp. in Opp'n to Pl.'s Post-J. Mots., ECF No. 95 ("Gov't Resp.").[5] On 7 October 2020, Dr. Arunachalam filed a reply in support of her post-judgment motions. *See* Dr. Lakshmi Arunachalam, a woman's[sic] Reply Br. to the Gov't's Answering Br. ECF95 to Post J. Mots. ECF90, ECF92-94[sic], ECF No. 96 ("Pl.'s Reply").

### II. Analysis

---

[3] The Court provides a complete discussion of Dr. Arunachalam's behavior as a litigant in the 9 September 2020 Order dismissing the case. *See* Order to Dismiss at 5–7.
[4] Dr. Arunachalam additionally attempted to file two deficient motions on 17 September 2020. The Court directs the Clerk's Office to reject both of these motions.
[5] The government did not respond to Dr. Arunachalam's motion for relief under to RCFC 59(e) because this Court did not request a response to the motion pursuant to RCFC 59(f). *See* Gov't Resp. at 1 n.1 ("[T]he Court has not requested that the Government respond to [Dr. Arunachalam's] motion pursuant to RCFC 59. Nevertheless, the principles discussed herein suggest denial of that motion. The [g]overnment will submit a formal response to the motion if requested by the Court."); *see* RCFC 59(f) ("[a] response to any motion under this rule [RCFC 59] may be filed *only* at the court's request and . . . [t]he court may not rule in favor of a motion under this rule without first requesting a response.") (emphasis added).

Across her many motions for post-judgment relief, Dr. Arunachalam again argues this Court failed to follow the Federal Circuit precedent of *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), *cert. granted sub nom. United States v. Arthrex, Inc.*, 141 S. Ct. 549 (2020), *and cert. granted*, 141 S. Ct. 551 (2020), *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87 (1810), and *Aqua Products, Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017), by not holding the invalidation of her patent claims void due to the unconstitutionality of the PTAB panel of administrative patent judges ("APJs"). *See, e.g.*, RCFC 52(b) Mot. at 3; RCFC 59(e) Mot. at 3; RCFC 60(a) Mot. at 4; RCFC 60(b) Mots. at 7; RCFC 60(d)(3) Mot. at 3. Dr. Arunachalam additionally advances arguments alleging violations of the Judicial Canons of Ethics and alleging the Court violated its "solemn oath" by refusing to docket her various submissions. *See, e.g.*, RCFC 60(a) Mot. at 1; RCFC 60(b) Mots. at 1–3, 8–15; RCFC 60(d)(3) Mot. at 1–3, 7–14. Dr. Arunachalam also asserts the Court failed to "prove jurisdiction" upon demand. RCFC 52(b) Mot. at 2; *see also, e.g.*, RCFC 59(e) Mot. at 2; RCFC 60(a) Mot. at 2; RCFC 60(b) Mots. at 4–5; RCFC 60(d)(3) Mot. at 4–5.

The government opposes all of Dr. Arunachalam's various post-judgment motions on the basis "Dr. Arunachalam presents the same arguments that the Court expressly acknowledged and rejected in its Opinion and Order. These arguments do not justify reconsideration of – or relief from – the judgment." Gov't Resp. at 7.

### A. Dr. Arunachalam's Motions for Amendment and Reconsideration Pursuant to RCFC 52(b) and 59(a)[6]

#### 1. The Parties' Arguments

Dr. Arunachalam argues the Court's failure to "prove jurisdiction" upon her demand should result in the Court amending or reconsidering its judgment to "prove jurisdiction." RCFC 52(b) Mot. at 2; *see also* RCFC 59(e) Mot. at 1; Pl.'s Reply at 3. Dr. Arunachalam further argues the Court allegedly failed to follow the precedents of *Arthrex*, *Fletcher*, and *Aqua Products* on the constitutionality of PTAB APJs, prosecution history estoppel, and the Contracts Clause, and the Court should therefore amend the Order as void or reconsidered. RCFC 52(b) Mot. at 2–4; Pl.'s Reply at 12. Dr. Arunachalam asserts the Court ruled on the government's motion without considering "all the intervening facts and the law" and the Court "push[ed] to rule WITHOUT considering Plaintiff's Amended Response to the Government's Motion to Dismiss" and should therefore reconsider its Order. RCFC 59(e) Mot. at 2; RCFC 52(b) Mot. at 2, 9; *see also* RCFC 59(e) Mot. at 3, 5. Throughout the briefing, Dr. Arunachalam alleges the

---

[6] Dr. Arunachalam filed a motion pursuant to RCFC 59(e) for the Court to alter or amend its judgment. *See* RCFC 59(e) Mot. at 1. In her RCFC 59(e) motion, Dr. Arunachalam calls on the Court to "vacate its Judgment, prove jurisdiction and then make a ruling consistent with the Law of the Land." *Id.* Such relief would be appropriate, not under RCFC 59(e), but rather under RCFC 59(a), which allows parties to file a Motion for Reconsideration. *See* RCFC 59(a). *Pro se* litigants are granted greater leeway when it comes to pleading standards. *See Haines v. Kerner*, 404 U.S. at 520–21 (1972); *Henke v. United States*, 60 F.3d 795 at 799 (Fed. Cir. 1995). Accordingly, this Court will analyze Dr. Arunachalam's Motion for Reconsideration under the standard provided in RCFC 59(a). Dr. Arunachalam's motion for reconsideration pursuant to RCFC 52(b) will also be analyzed under RCFC 59(a), as this Court traditionally analyzes RCFC 52 motions under the same standard as RCFC 59(a) motions. *See, e.g.*, *S. Nuclear Operating Co. v. United States*, 79 Fed. Cl. 135, 137 (2007); *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 781 (2006).

Court was biased and committed fraud. *See* RCFC 59(e) Mot. at 6–9; *see, generally* Pl.'s Reply. The government argues relief under 52(b) should be denied because "Dr. Arunachalam's motion fails to identify *any* findings that should be corrected." Gov't Resp. at 7.

### 2. Legal Standard

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). RCFC 52(b) allows the Court, upon a party's motion filed within 30 days of the entry of judgment, to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." In a motion under RCFC 52(b) for amendment, the moving party must show "it is appropriate to alter or amend the judgment entered" and can do so by pointing to an error in the judgment. *Langan v. United States*, No. 18-1603C, 2019 U.S. Claims LEXIS 1273, *10 (Fed. Cl. Sep. 24, 2019). RCFC 52(b) states a motion filed under it "may accompany a motion for a new trial under RCFC 59." The Court traditionally analyzes an RCFC 52(b) motion under the same standard as an RCFC 59(a) motion. *See, e.g.*, *S. Nuclear Operating Co. v. United States*, 79 Fed. Cl. 135, 137 (2007); *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 781 (2006).

RCFC 59(a) provides the Court may grant a motion for reconsideration: "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States." "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000)).

"Under Rule 59(a)(1), a court, in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct a clear factual or legal error or prevent manifest injustice.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)); *see also Lee v. United States*, 130 Fed. Cl. 243, 252 (2017) (noting a court will not grant a motion for reconsideration based on "new arguments that could have been made earlier"), *aff'd*, 895 F.3d 1363 (Fed. Cir. 2018).

### 3. Whether the Court Should Grant Dr. Arunachalam's Motions for Amendment and Reconsideration

In her numerous filings, the only vaguely novel argument Dr. Arunachalam attempts to make is related to *Aqua Products, Inc. v. Matal*. *See* RCFC 52(b) Mot. at 3; RCFC 59(e) Mot. at 3–4; Pl.'s Reply at 12. Dr. Arunachalam does not argue there is a change of law or new evidence justifying reconsideration. *See generally* RCFC 52(b) Mot.; RCFC 59(e) Mot. The Court therefore analyzes whether there is "a need to correct clear factual or legal error or prevent manifest injustice." *Biery*, 818 F.3d at 711. It is important to note, "[r]econsideration is not to be construed as an opportunity to relitigate issues already decided." *Dairyland Power Coop. v. United States*, 106 Fed. Cl. 102, 104 (2012). To the extent Dr. Arunachalam is seeking reinstatement of the claims in her patent, the Federal Circuit has already held the proper method

to challenge the validity of the PTAB's decision would have been appeal of the decision to the Federal Circuit, and the Federal Circuit has noted such collateral attacks as Dr. Arunachalam's are improper. *See* Order to Dismiss at 10 (citing *Arunachalam*, 759 F. App'x at 932–33).

Dr. Arunachalam continues to present the same arguments across all filings: (1) the Court failed to "prove jurisdiction"; (2) the PTAB is unconstitutional and her claims should be reinstated; and (3) the Court refused to consider all of her various filings. *See generally* RCFC 52(b) Mot. While Dr. Arunachalam argues the Court should alter or amend its judgment, she points to no existing error in the judgment but instead presents additional legal arguments to advance her position. *Id*. To the extent Dr. Arunachalam raises any novel arguments in her filings following the Court's Order dismissing her case, she is "at fault for [her] predicament" by failing to timely raise arguments based on facts in existence before the motion to dismiss was decided. *Mendez v. United States*, 600 F. App'x 731, 733 (Fed. Cir. 2015). Accordingly, Dr. Arunachalam has not shown it is appropriate to alter or amend the judgment entered in connection with the Court's 9 September 2020 Order. *See* RCFC 52(b). The Court denies Dr. Arunachalam's motion for amendment pursuant to RCFC 52(b). *See Yuba Nat. Res.*, 904 F.2d at 1583; *S. Nuclear Operating Co.*, 79 Fed. Cl. 135, 137 (2007).

Further, Dr. Arunachalam does not meet the heightened standard required for the Court to grant her motion for reconsideration under Rule 59(a). *See Yuba Nat. Res.*, 904 F.2d at 1583 (affirming decision by this Court's predecessor to deny motion for reconsideration and noting "[t]he decision whether to grant reconsideration lies largely within the discretion of the district court"). All arguments Dr. Arunachalam presents in her motion for reconsideration "could have been raised prior to the entry of judgment" and therefore do not provide grounds for reconsideration under RCFC 59(a). *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted). Accordingly, the Court denies Dr. Arunachalam's motion for reconsideration pursuant to RCFC 59(e). *See Yuba Nat. Res.*, 904 F.2d at 1583.

### B. Dr. Arunachalam's Motion for Relief from Judgment Pursuant to RCFC 60(a)

#### 1. The Parties' Arguments

Dr. Arunachalam argues the Court's alleged violations of Judicial Canons 2, 2A, 3A(1), 3A(4)–(5), 3B(1)–(2), 3B(6), and 3C(1) are grounds for the Court to correct its judgment. RCFC 60(a) Mot. at 1. Dr. Arunachalam continues to argue the Court failed to follow Federal Circuit precedent regarding the constitutionality of the PTAB, namely pursuant to the cases of *Arthrex*, *Fletcher*, and *Aqua Products*, and failed to consider all of her filings when issuing the Order. RCFC 60(a) Mot. at 3–10; Pl.'s Reply at 12. The government argues Dr. Arunachalam fails to identify any clerical errors in the judgment, and the Court should therefore deny her motion. *See* Gov't Resp. at 8.

#### 2. Legal Standard

RCFC 60(a) allows the Court on motion or on its own, with or without notice, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." In *CNA Corp. v. United States*, a judge on this

Court found they must determine whether "a motion is properly classified under RCFC 60(a) *or* RCFC 60(b)." 83 Fed. Cl. 1, 7 (2008) (emphasis added).  In determining under which rule the trial court should classify the motion, the Federal Circuit has described the difference between the rules as the following:

> [RCFC] 60(a) affords relief from minor clerical mistakes or errors arising from simple oversight or omission. *See* James W. Moore and Jo Deshap Lucas, *Moore's Federal Practice* P 60.06[1] (2d ed. 1993); *see also United States v. Bearly*, 978 F.2d 696, 699 (Fed. Cir. 1992). It is intended to allow the judgment to "speak the truth," but not to substantially alter the rights of the parties thereto. *See* [11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2854 (1973 & Supp. 1993)]. Errors of a more substantial nature are more appropriately correctable under [RCFC 60](b). *See* Moore, *supra,* P 60.06[4].

*Patton v. Sec'y of the Dep't of Health & Hum. Servs.,* 25 F.3d 1021, 1029–30 (Fed. Cir. 1994).

### 3. Whether the Court Should Grant Dr. Arunachalam's Motion for Relief from Judgment

Dr. Arunachalam fails to argue any clerical mistakes in the judgment and instead advances substantive legal arguments.  *See generally* RCFC 60(a) Mot.  Relief under RCFC 60(a) would be inappropriate due to Dr. Arunachalam's failure to provide evidence of any "minor clerical mistakes or errors arising from simple oversight or omission" in the judgment. *See Patton,* 25 F.3d at 1029–30.  Accordingly, the Court denies Dr. Arunachalam's motion for relief from judgment pursuant to RCFC 60(a).

## C. Dr. Arunachalam's Motions for Relief from Judgment Pursuant to RCFC 60(b)(2–6)

### 1. The Parties' Arguments

Dr. Arunachalam argues her RCFC 60(b)(2) motion should be granted because there is newly discovered evidence the Court allegedly violated the Judicial Canons.  RCFC 60(b) Mots. at 1–2 ("Dr. Arunachalam newly discovered that the Judge failed to follow Judicial Canons 2 and 2A in violating the law and the law is the Constitution and *stare decisis* Supreme Court Precedents . . . .").  The government argues relief under RCFC 60(b)(2) is only appropriate if the newly discovered evidence "clearly would have produced a different result if presented before the original judgment."  Gov't Resp. at 8.

Dr. Arunachalam argues her RCFC 60(b)(3) motion should be granted because the defendant's lawyers violated the Separation of Powers Clause, the Appointments Clause, and the Contracts Clauses of the Constitution by failing to report the unconstitutionality of the PTAB. RCFC 60(b) Mots. at 2–3; Pl.'s Reply at 10–11.  Additionally, Dr. Arunachalam argues the defendant made false statements regarding whether a patent is a contract.  RCFC 60(b) Mots. at 3.  Dr. Arunachalam contends the actions of the government constitute a criminal enterprise, claiming the United States government "*knowingly and* intentionally" made false claims and

"defrauded itself . . . of trillions of dollars."  Pl.'s Reply at 7, 12; RCFC 60(b) Mots. at 3.  The government argues Dr. Arunachalam's allegations of fraud are "unsubstantiated, uncorroborated, and incorrect" because "[t]he Government's arguments and the Court's decision were each premised on established precedent."  Gov't Resp. at 9.

Dr. Arunachalam argues the Court's 9 September 2020 Order violates the precedents of *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87 (1810), and *Trustees of Dartmouth College v. Woodward*, 17 U.S. (4 Wheat.) 518 (1819), by "impairing the obligation of the patent grant contract within the meaning of the Constitution" of the United States, and the Court should grant relief pursuant to RCFC 60(b)(4).  RCFC 60(b) Mots. at 13, 15 ("If a doubt could exist that a grant is a contract, the point was decided in *Fletcher*.").  Dr. Arunachalam further argues the Court lacked jurisdiction to issue its judgment and failed to consider all filings when issuing the Order.  RCFC 60(b) Mots. at 4–13.  The government argues Dr. Arunachalam's allegations do not rise to the standard required for relief under RCFC 60(b)(4), a standard which is confined to an "exceedingly short" list of "fundamental infirmit[ies]," because the Court already heard and rejected the allegations.  Gov't Resp. at 9–10.

Dr. Arunachalam argues she should be granted relief pursuant to RCFC 60(b)(5) because the judgment is "unconstitutional and void."  *See* RCFC 60(b) Mots. at 14.  Dr. Arunachalam asserts under *Fletcher* a patent is a grant from the government, and, under the Constitution, grants are considered contracts.  *Id*.  Dr. Arunachalam further argues courts are not empowered to impair obligations under contracts and concludes, as the Order would void her contract patent rights, the Order is void.  *Id*.  The government argues the Court already rejected this argument.  Gov't Resp. at 10.

Dr. Arunachalam argues relief under RCFC 60(b)(6) is proper because "[t]he acts of . . . the Judiciary are repugnant to the Constitution of the United States, and the judgment on this special verdict ought to have been for the Petitioner (Dr. Arunachalam)."  RCFC 60(b) Mots. at 15 (internal quotation marks omitted).  Additionally, Dr. Arunachalam argues the Court committed treason in "violating the Constitution and *stare decisis* Supreme Court Precedents — the *Mandared Prohibition* from repudiating patent contract grants by the absolute highest authority — declared by Chief Justice Marshall in *Fletcher*."  *Id*.  Dr. Arunachalam asserts "the Judge set[] aside his solemn oath, [did] not prov[e] jurisdiction upon request and . . . omi[tted] to follow Judicial Canons 2, 2A, 3A (1), 3A(5), 3B (1), 3B(2), 3(C)(1)."  RCFC 60(b)(6) Mot. at 15.  The government argues the Court already denied Dr. Arunachalam's argument regarding *Fletcher* and relief under RCFC 60(b)(6) would therefore be improper.  Gov't Resp. at 10.

### 2. Legal Standard

RCFC 60(b) allows for relief "from a final judgment, order, or proceeding" "[o]n motion and just terms" under several different justifications.  Although it is within the discretion of the trial court to grant relief under RCFC 60(b) in certain circumstances, the rule is "not to be used as a substitute for an appeal."  *Patton*, 25 F.3d at 1028 (citing *Akerman v. United States*, 340 U.S. 193, 198–99 (1950)).  "A motion for relief from judgment is one for extraordinary relief entrusted to the discretion of the Court . . . which may be granted only in exceptional circumstances . . . ."  *Sioux Tribe of Indians v. United States*, 14 Cl. Ct. 94, 101 (1987) (citing

*United States v. Atkinson*, 748 F.2d 659, 660 (Fed. Cir. 1984); *Wash. Med. Ctr., Inc. v. United States*, 211 Ct. Cl. 379, 380 (1977)), *aff'd*, 862 F.2d 275 (Fed. Cir. 1988). "To be sure, this relief will only be granted if the judgment harms the movant's substantial rights." *Madison Servs. Inc. v. United States*, 94 Fed. Cl. 501, 506–7 (2010) (citing *Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 241 (2000)).

Under RCFC 60(b)(2), the Court may grant a party relief on a finding of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b)." Such "newly discovered" evidence "must have been discovered subsequent to the trial." *Yachts Am., Inc. v. United States*, 779 F.2d 656, 662 (Fed. Cir. 1985) (citing *Yachts Am., Inc. v. United States*, 8 Cl. Ct. 278, 281 (1985)). The party seeking relief must additionally demonstrate "that the movant exercised due diligence; and . . . that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." *Id.*

Under RCFC 60(b)(3), the Court may grant a party relief for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To obtain relief under RCFC 60(b)(3), the movant must first show an occurrence of fraud, misrepresentation, or misconduct by "clear and convincing evidence." *Madison Servs., Inc.*, 94 Fed. Cl. at 507. A party merely providing "unsubstantiated innuendo and uncorroborated inferences" does not meet this standard. *Id.* The movant must further show the fraud or misrepresentation "prevented the movant from receiving a fair hearing or trial." *Id.* (citing *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1386 (Fed. Cir. 2007)).

Under RCFC 60(b)(4), a movant may seek relief from a judgment if the judgment has become void. A judgment will not be considered void under RCFC merely "because it may be technically defective or erroneous in some respect." *Kennedy v. Sec'y of Health & Hum. Servs.*, 99 Fed. Cl. 535, 541 (2011) (citations omitted), *aff'd*, 485 F. App'x 435 (Fed. Cir. 2012). "Instead, [RCFC] 60(b)(4) only applies in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (quoting *United Student Aid Funds, Inc. v. Espinosa*, 599 U.S. 260, 271 (2010)).

Under RCFC 60(b)(5), relief may be granted from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." A change in circumstances which would justify relief would be "a significant change in factual conditions or in law [that] renders continued enforcement detrimental to the public interest." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (internal quotation marks omitted) (citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)). "A party may seek relief from a judgment [pursuant to RCFC 60(b)(5)] if 'a significant change in either factual conditions or in the law renders continued enforcement detrimental to the public interest.'" *Q Integrated Cos. v. United States*, 131 Fed. Cl. 125, 131 (2017) (quoting *Horne*, 557 U.S. at 447)), *appeal dismissed*, No. 17-2090, 2017 WL 5633406 (Fed. Cir. July 24, 2017).

Under RCFC 60(b)(6), relief from judgment may be granted for "any other reason that justifies relief." The Federal Circuit ruled relief may be granted under Federal Rule of Civil Procedure 60(b)(6)[7] in "exceptional or extraordinary circumstances." *Louisville Bedding Co. v. Pillowtex Corp.*, 455 F.3d 1377, 1380 (Fed. Cir. 2006) (quoting *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 509 (6th Cir. 2001)). A movant must therefore point to "rare, unusual or extraordinary circumstances" as the basis for relief from judgment. *Dean v. United States*, 17 Cl. Ct. 852, 854 (1989). The movant must also "demonstrate that he was not at fault for his predicament." *Mendez v. United States*, 600 F. App'x 731, 733 (Fed Cir. 2015).

### 3. Whether the Court Should Grant Dr. Arunachalam's Motions for Relief from Judgment

Dr. Arunachalam claims she discovered new evidence of Judicial Canons violations but fails to present this evidence in her filing. *See* RCFC 60(b) Mots. at 1. Regardless of whether such evidence exists, this Court previously held in its 9 September 2020 Order judicial canons of ethics are not money-mandating and the Court therefore has no jurisdiction over such claims. *See* Order to Dismiss at 14–15; *see also United States v. King,* 395 U.S. 1, 2–3 (1969) (finding the jurisdiction of the Court of Federal Claims is "limited to money claims against the United States Government"). Dr. Arunachalam's alleged evidence of violations of Judicial Canons, if presented, would therefore not result in a change of the judgment. *See TDM Am., LLC v. United States*, 100 Fed. Cl. 485, 490 (2011); *Madison Servs., Inc.*, 94 Fed. Cl. at 507. Accordingly, the Court denies Dr. Arunachalam's motion for relief from judgment pursuant to RCFC 60(b)(2). *See Sioux Tribe of Indians*, 14 Cl. Ct. at 101.

As the Court held in its 9 September 2020 Order, the Federal Circuit has addressed Dr. Arunachalam's legal theories based on the Supreme Court's decision in *Fletcher*. *See* Order to Dismiss at 9 (quoting *Arunachalam v. Int'l Bus. Mach. Corp.*, 759 F. App'x 927, 932 (Fed. Cir. 2019)) ("Among other theories, [Dr. Arunachalam] argues that the Contracts Clause under *Fletcher v. Peck* . . . and 'prosecution history estoppel' under *Aqua Products, Inc. v. Matal*, bar the [PTAB] from invalidating her patent. The Supreme Court . . . rejected several similar constitutional challenges . . . . [T]he Board's decision invalidating both claims is final and may not be collaterally attacked through a separate litigation."). The government's arguments and this Court's Order addressing Dr. Arunachalam's legal theories were based on this established precedent. *See generally* Order to Dismiss; Gov't Resp. at 9 ("The Government's arguments and the Court's decision were each premised on established precedent."). Dr. Arunachalam argues the Government committed fraud by failing to recognize the alleged unconstitutionality of the PTAB. *See* RCFC 60(b) Mots. at 2–4. The Court, however, already noted the Federal Circuit severed the unconstitutional appointment process from the statute and imposed a time limitation for appeals under its ruling.[8] *See* Order to Dismiss at 10–11. Dr. Arunachalam does not support

---

[7] Federal Rule of Civil Procedure 60(b)(6) is identical to RCFC 60(b)(6). *See Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1255 n. 11 (Fed. Cir. 2018) ("The language of [RCFC 60(b)(6)] matches [Federal Rule of Civil Procedure] 60(b)(6).").

[8] The United States Supreme Court granted certiorari on the question of PTAB judge constitutionality in *United States v. Arthrex*. The Court heard oral argument 1 March 2020 regarding whether Administrative Patent Judges are properly appointed under the U.S. Constitution and, if not, what the proper remedy is. *Arthrex, Inc. v. Smith & Nephew, Inc.*, 941 F.3d 1320 (Fed. Cir. 2019), *cert. granted sub nom. United States v. Arthrex, Inc.*, 141 S. Ct. 549 (2020), *and cert. granted*, 141 S. Ct. 551 (2020). Even if the Supreme Court were to overturn the Federal Circuit,

her allegations of fraud with evidence—her allegations are merely "unsubstantiated innuendos and uncorroborated inferences." *Madison Servs., Inc.*, 94 Fed. Cl. at 507. Such statements do not meet the threshold of "clear and convincing evidence" required to prove fraud. *Id.* Accordingly, the Court denies Dr. Arunachalam's motion for relief from judgment pursuant to RCFC 60(b)(3). *See Sioux Tribe of Indians*, 14 Cl. Ct. at 101.

Dr. Arunachalam's arguments regarding *Fletcher* and *Dartmouth* amount to alleging the Court erred in its judgment by not following precedent. An erroneous judgment, however, is insufficient for relief under RCFC 60(b)(4) because the rule only applies in "the rare instances where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of their notice or opportunity to be heard." *United Student Aid Funds*, 559 U.S. at 270–71. Dr. Arunachalam further argues the judgment should be vacated due to an error in jurisdiction. *See* RCFC 60(b) Mots. at 5. This Court, however, dismissed her complaint for: (1) failure to state a claim and (2) jurisdictional failures. *See generally* Order to Dismiss. Dr. Arunachalam fails to establish the requisite ground for relief under RCFC 60(b)(4), as she continues to state legal theories considered and denied in the Court's dismissal Order. Accordingly, the Court denies Dr. Arunachalam's motion for relief from judgment pursuant to RCFC 60(b)(4). *See Sioux Tribe of Indians*, 14 Cl. Ct. at 101.

As discussed *supra*, and as the Court noted in its 9 September 2020 Order, the Federal Circuit has addressed Dr. Arunachalam's arguments related to whether *Fletcher* and *Aqua Products* affect her claims. *See* Order to Dismiss at 9. To the extent Dr. Arunachalam is attempting to relitigate this issue, there has not been a "significant change in either factual conditions or in the law" that would render the judgment inequitable or detrimental to the public interest. *Horne*, 557 U.S. at 447. Accordingly, the Court denies Dr. Arunachalam's motion for relief from judgment pursuant to RCFC 60(b)(5). *See Horne*, 557 U.S. at 447.

As with her actions in other courts, Dr. Arunachalam's arguments in this case are equally frivolous and unsubstantiated by the record, amounting to "vexatious and wanton litigation conduct" relying on "repetitive, frivolous, and often bizarre oppositions and motions." *Arunachalam v. Int'l Bus. Machines Corp.*, No. 2020-1493, 2021 WL 772260, at *5, *6 (Fed. Cir. Mar. 1, 2021). Dr. Arunachalam fails to show "rare, usual or extraordinary circumstances" which are required for relief under RCFC 60(b)(6). *Greenbrier v. United States*, 75 Fed. Cl. 637, 641 (2007). Accordingly, the Court denies Dr. Arunachalam's motion for relief from judgment pursuant to RCFC 60(b)(6). *See Louisville Bedding Co.*, 455 F.3d at 1380.

### D. Dr. Arunachalam's Motion for Relief from Judgment Pursuant to RCFC 60(d)

#### 1. The Parties' Arguments

Dr. Arunachalam also filed a motion for relief from a judgment or order pursuant to RCFC 60(d)(3). *See* RCFC 60(d)(3) Mot. Dr. Arunachalam once again argues the judgment is void for want of jurisdiction. *Id.* at 1. Additionally, Dr. Arunachalam argues the Court engaged in fraudulent behavior by: (1) "fail[ing] to follow Judicial Canons 2 and 2A"; (2) "engag[ing] in

---

the Government's statements would not constitute fraud as their statements accurately represent the current state of the law. *See* Order to Dismiss at 10–11.

misconduct"; (3) "breach[ing] their solemn oaths of office and violat[ing] the law and the law is the Constitution and fail[ing] to uphold *stare decisis* Supreme Court Precedents"; and (4) "violating the Separation of Powers Clause of the Constitution and Appointment Clause of the Constitution and failed to report that the PTAB's rulings are void." *Id.* at 2–3. Dr. Arunachalam asserts that the Court also committed fraud by "disparately refus[ing] to consider Plaintiff's ECF 57." *Id.* at 11 (emphasis omitted). The government argues Dr. Arunachalam's motion is improper because her allegations are "unsubstantiated, uncorroborated, and incorrect." Gov't Resp. at 9.

### 2. Legal Standard

RCFC 60(d) states RCFC 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . or (3) set aside a judgment for fraud on the court." Fraud on the court

> should embrace only that species of fraud which does or attempts to, subvert the integrity of "the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct."

*Broyhill Furniture Indus. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085 (Fed. Cir. 1993) (citing *Moore's P* 60.33 at 60–360 (citations omitted)). "Fraud upon the court is thus 'typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.'" *Id.* (quoting *Great Coastal, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982)).

### 3. Whether the Court Should Grant Dr. Arunachalam's Motion for Relief from Judgment

RCFC 60(d)(3) requires not only a showing of fraud but also the fraud shown to be so extensive it inhibited the ability of the Court to function in its judicial capacity. *Broyhill Furniture Indus.*, 12 F.3d at 1085. As discussed *supra* in regard to RCFC 60(b)(3), Dr. Arunachalam fails to prove fraud through clear and convincing evidence. Accordingly, the Court denies Dr. Arunachalam's motion pursuant to RCFC 60(d)(3). *See id.*

## III. Conclusion

The Court acknowledges Dr. Arunachalam's *pro se* status, but once more, "her baseless, outlandish, and irrelevant invective degrades the dignity and decorum of the court and hampers 'the orderly and expeditious disposition of cases.'" *Arunachalam v. Int'l Bus. Machines Corp.*, No. 2020-1493, 2021 WL 772260, at *8 (Fed. Cir. Mar. 1, 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). The Court has considered all of Dr. Arunachalam's various motions for post-judgment relief. To the extent not discussed specifically herein, Dr. Arunachalam's other arguments are unpersuasive, meritless, or unnecessary for resolving her

motions.  Accordingly, Dr. Arunachalam's motion for amendment pursuant to RCFC 52(b) is **DENIED**.  Dr. Arunachalam's motion for reconsideration pursuant to RCFC 59(e) is **DENIED**.  Dr. Arunachalam's motion for relief pursuant to RCFC 60(a) is **DENIED**.  Dr. Arunachalam's motions for relief pursuant to RCFC 60(b)(2–6) are **DENIED**.  Dr. Arunachalam's motion for relief pursuant to RCFC 60(d)(3) is **DENIED**.  This case shall remain closed.

**IT IS SO ORDERED**.

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
